IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**INARA CEDRINS**,

    Plaintiff,

v.                                                           No. Civ.  09-348 LH/GBW

**RAMESH KUMAR SHRESTHA;**
**JAMES PREWITT**,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes *sua sponte* before the Court on Plaintiff Inara Cedrins' Motion to Proceed In Forma Pauperis ("IFP"), filed April 9, 2009 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.  A complaint may be dismissed *sua sponte* as frivolous under § 1915(e)(2) if it "lacks even an arguable basis in law," as when it is premised on a nonexistent legal interest or "delusional factual scenario" – situations in which the claims are "so defective that they should never have been brought at the outset."  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Frivolous claims that may be dismissed *sua sponte* are those "based on an indisputably meritless legal theory . . . . Examples . . . are claims against which

it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . ." *Id.* at 327. Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001). But "a court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Id.* at 1284.

In screening the complaint, the Court resolves the issue of whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.
>
> In addition, [the Court] must construe a pro se . . . complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

In screening the Complaint, the Court will accept Cedrins' allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to her. *See id.* at 1217. But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Conclusory allegations without supporting factual averments are insufficient to state

a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.*

**I. Cedrins' Complaint.**

Cedrins' complaint is captioned: "PETITION FOR IMMIGRATION LAW TO BE ENFORCED, FOR PLAINTIFF TO REPRESENT HERSELF IN THIS CASE FOR ANNULMENT DUE TO MARRIAGE FRAUD AND NON-CONSUMMATION BEFORE ADMINISTRATIVE AGENCIES USCIS, ICE, AND THE IRS, TO OBTAIN DISCOVERY, AND RIGHT TO ANNULMENT." (Doc. 1 at 1). Cedrins alleges that she sponsored her husband, Defendant Ramesh Kumar Shrestha, to be admitted to the United States in June 2007; that he abandoned her in March 2008 and went to live with his co-sponsor Defendant James Prewitt; and that Shrestha obtained a green card in late March 2008. *Id.* Cedrins reported everything to ICE, USCIS, and the Department of Homeland Security, and filed a petition for an annulment due to marriage fraud and non-consummation in the state First Judicial District Court in Santa Fe. *See id.* In July 2008 she also sent a letter to Homeland Security and USCIS, withdrawing her support for Shrestha's status in the United States. *See id.* Cedrins then attempted to subpoena certain information regarding Shrestha's immigration documents from USCIS, but the agency denied the request because she did not have Shrestha's written permission to disclose the information to her. *See id.* at 1-2.

Cedrins sued Prewitt for conspiracy to defraud her in state court, and states that she needs Shrestha's immigration information for the two lawsuits she is prosecuting in state court. *See id.* at 2. But Cedrins also alleges that she has appealed from the rulings made in the state-court

annulment proceedings. *See id.* Cedrins also alleges that Prewitt hired an attorney to represent Shrestha so that Shrestha could take away a car that Cedrins contends is community property, but for which Prewitt co-guaranteed the loan with Shrestha. *See id.*

Cedrins states that her "[f]ederal issues include . . . immigration, tax fraud, and money laundering," and she cites two federal criminal statutes as the basis for her federal complaint: 8 U.S.C. § 1325(c), which provides for criminal penalties for anyone who "knowingly enters into a marriage for the purpose of evading any provision of the immigration laws," and 18 U.S.C. § 1546, which provides criminal penalties for immigration fraud. *Id.* Cedrins requests the following relief: "to ensure that action is taken to investigate this matter;" "to confirm or give permission to Plaintiff to present her case to the administrative agencies USCIS, ICE, Homeland Security and/or the IRS, in order to receive restitution and a fair resolution;" "to order documents needed in discovery from these agencies;" "to ensure that Immigration laws are enforced;" and "if marriage fraud is proved, to order the marriage nullified." *Id.* at 3.

## II. Standing.

The United States Court of Appeals for the Tenth Circuit has noted that,

[a]s 'an essential and unchanging part of the case-or-controversy requirement of Article III,' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed.2d 351 (1992), constitutional standing 'is a threshold issue in every case before a federal court, determining the power of the court to entertain the suit.' *Boyle v. Anderson*, 68 F.3d 1093, 1100 (8th Cir. 1995), *cert. denied*, 516 U.S. 1173, 116 S. Ct. 1266, 134 L. Ed.2d 214 (1996); *see Board of Natural Resources v. Brown*, 992 F.2d 937, 945 (9th Cir. 1993). Further, Article III standing is a jurisdictional requisite 'at every stage of the proceeding.' . . . .

Article III imposes three fundamental requirements for standing in federal court:

First, the [complainant] must have suffered an injury in fact-an invasion of a legally protected interest which is concrete and particularized and actual or imminent. Second, a causal connection

> must exist between the injury and the conduct complained of; the injury must be fairly traceable to the challenged action. Third, it must be likely that the injury will be redressed by a favorable decision.
>
> . . . .
>
> Legally protected interests derive from various sources, including constitutional guarantees, *see, e.g., Journal Publ'g Co.*, 801 F.2d at 1235, statutory provisions, *see, e.g., Wilson*, 98 F.3d at 595, and common law rights, *see, e.g., W.H.I., Inc.*, 992 F.2d at 1064 (enjoyment of property rights). *See also, e.g., San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126-30 (9th Cir.1996) (discussing constitutional, statutory, and common law economic interests supporting standing).

*United States v. McVeigh*, 106 F.3d 325, 334 (10th Cir. 1997). "[A] plaintiff raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). "[T]he standing inquiry requires the Court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts." *Schaffer v. Clinton*, 240 F.3d 878, 883 (10th Cir. 2001). The "essence" of standing, therefore, "is simple-what kind of injuries are courts empowered to remedy and what kind are they powerless to address?" *Id.* Also, the Court notes that "standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 486 (1982).

It is the plaintiff's "burden, as the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Schaffer*, 240 F.3d at 883 (internal quotation marks and bracket omitted). The Court "will

not craft his [jurisdictional] arguments for him, and thus [the Court] evaluate[s] only the basis for standing offered by [the plaintiff]." *Id.* (internal quotation marks and citation omitted).

**III. Analysis.**

Cedrins has failed to allege facts to establish her standing to sue on any of the "federal issues" of immigration, tax fraud, and money laundering that she asserts in her Complaint. The criminal statutes that Cedrin cites do not provide for a private cause of action, and Congress specifically designated the Secretary of Homeland Security – and not private citizens – as the individual in charge of enforcing immigration laws. *See* 8 U.S.C. § 1103(a)(1) ("The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers...."). Cedrins simply has no standing to seek enforcement of the criminal immigration statutes against Shrestha or Prewitt. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (internal quotation marks omitted); *King v. Keller,* No. 06-3214, 211 Fed. Appx. 764, 765, 2007 WL 39208, **1 (10th Cir. Jan. 8, 2007) (affirming "the district court's well-reasoned memorandum and order" holding that the plaintiff "did not have standing as a private citizen to enforce federal criminal statutes and the court therefore had no jurisdiction over those counts based on federal criminal statutes").

Further, Cedrins has not alleged that she would suffer injury by the United States' failure to enforce the criminal penalties imposed for marriage or immigration fraud against Shrestha. Because she stands in the same shoes as any citizen when immigration laws are violated, these circumstances

6

fail to establish standing.  *See Lujan*, 504 U.S. at 573-74; *Sadowski v. Bush*, 293 F.Supp. 2d 15, 19 (D.D.C. 2003) (holding that an individual lacked standing to challenge the government's failure to fully enforce immigration laws because he "failed to allege any causal connection between the defendant's alleged failure to enforce the immigration laws and any harm to him. . . . The plaintiff has not alleged that he has been specifically injured by the presence of illegal aliens.").

Cedrins has stated no facts giving rise to her bald conclusion that there are federal issues regarding money laundering and the IRS, but she would likewise lack standing to enforce criminal statutes for alleged crimes associated with those issues.  Because she has no standing to enforce the federal criminal statutes and has no private right of action under them, Cedrins has failed to allege facts that give this Court federal subject-matter jurisdiction over her case.

Insofar as Cedrins requests injunctive relief to stay or interfere with proceedings that are already ongoing in state court, the Court may not grant her request.

> *Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court.  A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks and citations omitted).  Here, Cedrins has ongoing civil state court proceedings against both Shrestha and Prewitt.  Cedrins has not stated any cognizable federal claims, so the state court provides a totally adequate forum for her state law claims against the Defendants; and the state court proceeding against Shrestha, which Cedrins seeks to stay, involves exclusively state interests

regarding the marriage relationship, alimony, and community property. *See In re Burrus*, 136 U.S. 586, 593-594 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"). The Court must abstain from exercising any jurisdiction to interfere with the state court proceedings.

Further, the Court cannot conduct hearings and issue any rulings to order Cedrins' "marriage nullified," Complaint at 4, because no federal law authorizes federal jurisdiction over any proceedings in which a party seeks a decree of divorce or alimony. *See Barber v. Barber*, 62 U.S. 582 (1858) ("disclaim[ing] altogether any jurisdiction in the courts of the United States upon the subject of divorce or for the allowance of alimony"); *Ankenbrandt v. Richards*, 504 U.S. 689, 701-03 (1992)("continu[ing] to recognize" the limitation on federal jurisdiction expressed in *Barber* and explaining the authority for the domestic-relations exception even to federal diversity jurisdiction). Federal courts simply have no "power to issue divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 703. Accordingly, it is the state court with jurisdiction over Cedrins' petition for annulment or divorce that must decide whether the marriage should be annulled for fraud, whether she should receive alimony or other support, whether the car she mentions in her federal complaint is community property, and who is entitled to its possession..

Finally, Cedrins has no legal right and no standing to request this Court to violate the separation-of-powers doctrine by attempting to force the USCIS, ICE, Homeland Security and/or the IRS to allow her to interfere with Shrestha's immigration proceedings to "present her case . . . in order to receive restitution and a fair resolution," Complaint at 4. The Court is unaware of, and Cedrins has not cited, any federal statutes providing for "restitution" in the immigration context. Cedrins is not a party to Shrestha's immigration proceedings, and she cannot impose herself into his administrative proceedings by judicial fiat. Cedrins' responsibilities as a co-sponsor are set forth

in the immigration statutes and she states that she has complied with them by formally withdrawing her support for her husband's status and cooperating in any investigation into what she perceives as Shrestha's fraudulent conduct.  She has no valid legal interest in doing more than that.  Cedrins's claims that Shrestha owes her money during what she perceived as a fraudulent marriage may be adequately addressed in her state-court divorce/annulment proceedings.  Finally, her claims that Prewitt defrauded her may be adequately addressed in her state law suit against him.

Cedrins' complaint must be dismissed as frivolous under § 1915(e)(2) because it "lacks even an arguable basis in law," is premised on nonexistent legal interests, fails to state facts to invoke federal subject matter jurisdiction, and requests relief that the Court must either abstain from granting or is powerless to grant.  *See Neitzke*, 490 U.S. at 327-28.  Amendment of Cedrin's complaint would be futile and this case must be dismissed in its entirety.  *See* FED. R. CIV. P. 12(h) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Accordingly, Cedrins also is not entitled to proceed IFP and her motion must be denied.  *See Lister*, 408 F.3d at 1312.

**IT IS ORDERED** that Cedrins's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED because her Complaint is frivolous; and

**IT IS FURTHER ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE